FILED U.S. DIST. COURT BRUNSWICK DIV. 2005 JUN 20 P 2: 44 CLERK

FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 JUN 20 P 2: 44
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LESLIE ERNEST GORDON, )
)
Petitioner, ) CIVIL ACTION NO.: CV203-150
)
v. ) (Case No.: CR202-28)
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## MAGISTRATE JUDGE'S ORDER
## and
## REPORT AND RECOMMENDATION

Petitioner Leslie Ernest Gordon ("Gordon"), an inmate at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a *pro se* motion pursuant to 28 U.S.C.A. § 2255, contesting the validity of his conviction in Case Number CR202-28. The Government filed a Response. For the reasons which follow, Gordon's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Gordon pled guilty to possession of a firearm by a convicted felon[1], a violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced to 120 months' imprisonment, five years' supervised release, and ordered to pay a $100 special assessment. Gordon did not appeal his conviction. (Dkt. No. 3, pp. 1-3.)

---

[1] Gordon's prior convictions include the following felony convictions: burglary, aggravated assault, theft by taking an auto, and four counts of the sale of cocaine. (CR202-28, Dkt. No. 1, p.1.)

On October 2, 2003, Gordon filed a motion pursuant to 28 U.S.C. § 2255. In his motion, Gordon alleged that the District Court lacked jurisdiction over his case. On March 24, 2004, the undersigned issued a Report in which he recommended that Gordon's motion be denied. Gordon filed Objections. By Order dated April 15, 2004, the Honorable Anthony A. Alaimo adopted the undersigned's Report as the opinion of the Court.

Gordon appealed this Court's decision to the Eleventh Circuit Court of Appeals. The Court of Appeals granted Gordon a certificate of appealability ("COA") on one issue:

> Whether the district court erred by failing to address Gordon's claim that his counsel was ineffective for failing to raise his claims as set forth in his motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.

Gordon v. United States, No. 04-12126-C (11th Cir. July 15, 2004). Upon review, the Court of Appeals concluded that Gordon had stated a claim for ineffective assistance of counsel[2] that should have been addressed.[3] The case was remanded to this Court to address Gordon's ineffective assistance of counsel claim. Gordon v. United States, No. 04-12126 (11th Cir. November 30, 2004) (per curiam) (unpublished). Gordon has filed a motion to

---

[2] In his motion, Gordon asserted that the issues presented in his motion had not been previously raised because "[t]he attorney which represented the movent [sic] failed to present any of the grounds listed herein for relief therefore none of those grounds were presented to any court." (Petition, p. 6.)

[3] The Court of Appeals concluded that this Court erred by failing to address Plaintiff's ineffective assistance of counsel claim as it relates to *both* claims raised in his petition (i.e. interstate commerce and antique firearm exception). The interstate commerce claim was resolved on the merits; however, this Court dismissed the antique firearm exception claim on the basis of procedural default. The Court of Appeals remanded the case back to this Court to address Gordon's ineffective assistance of counsel claim as it relates to the antique firearm exception claim. Gordon v. United States, No. 04-12126 (11th Cir. November 30, 2004) (per curiam) (unpublished).

2

amend[4] his petition.[5] The Government filed a Response to which Gordon filed a "Motion To Strike And Objection[6]." Pursuant to the Court of Appeals' directive, the Court will evaluate Gordon's ineffective assistance of counsel claim.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Ineffective Assistance of Counsel

In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985), the Supreme Court held that the two-part test set out in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984), is applicable to guilty pleas. In Strickland, the Court held that in order to be successful on an ineffective assistance of counsel claim, the defendant must show: (1) his counsel's performance was deficient, falling "below an objective standard of reasonableness,"[7] and (2) the deficient performance prejudiced his defense so badly that there is a reasonable probability that it impacted the result. 466 U.S. at 687-88, 104 S. Ct. at 2064; United States v. Pease, 240 F.3d 938, 941 (11th Cir. 2001) (per curiam). The second prong of the test, the prejudice prong, requires a showing that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not

---

[4]As discussed fully below, to the extent Gordon has raised new claims, his motion to amend is denied, and to the extent he has supplemented the antique firearm exception claim, his motion to amend is granted. (Motion to Amend.)

[5]In his motion to amend, Gordon suggests that in the "interest of justice" this Court should hold an evidentiary hearing. (Motion to Amend, p. 21.) The Court finds that an evidentiary hearing is not necessary to evaluate the issues presented in Gordon's motion to amend.

[6]Technically, Gordon filed two (2) documents entitled "Motion To Strike And Objection." (Dkt. Nos. 27, 28.) The documents were filed in this Court on March 22, 2005 and March 25, 2005. A review of these documents reveals that they are identical. To the extent these documents are motions, they are denied.

[7]When reviewing the level of performance provided by counsel, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 674 (1984).

3

AO 72A
(Rev. 8/82)

have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S. Ct. at 370; Pease, 240 F.3d at 941.

Gordon alleges that the gun in his possession was not technically a "firearm" as defined in 18 U.S.C. § 922(g). Rather, he asserts that the gun in his possession was actually an "antique" falling within the antique firearm exception. Gordon avers, however, that his counsel failed to raise the antique firearm exception. Because his counsel failed to raise that affirmative defense, Gordon concludes that he received deficient representation.

Respondent contends that the gun in Gordon's possession was not an "antique" falling within 18 U.S.C. § 921(a)(16). As such, Respondent asserts that Gordon cannot show that he was prejudiced by his counsel's failure to raise the antique firearm exception. Finally, Respondent avers that even if Gordon could show that the gun in his possession was an "antique," Gordon's possession of ammunition would support his conviction.

Gordon was convicted of violating 18 U.S.C. § 922(g)(1), possession of a firearm. The term "firearm," as used in section 922(g), is defined as:

> (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of such a weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. *Such term does not include an antique firearm.*

18 U.S.C. § 921(a)(3) (emphasis added). The term "antique firearm" refers to

> (A) any firearm (including any firearm with a matchlock, flintlock, percussion cap, similar type of ignition system) manufactured in or before 1898; or
> (B) any replica of any firearm described in subparagraph (A) if such replica--
> (I) is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition, or
> (ii) uses rimfire or conventional centerfire fixed ammunition which is no

4

longer manufactured in the United States and which is not readily available in the ordinary channels of commercial trade; or

(C) any muzzle loading rifle, muzzle loading shotgun, or muzzle loading pistol, which is designed to use black powder, or a black powder substitute, and which cannot use fixed ammunition. For purposes of this subparagraph, the term "antique firearm" shall not include any weapon which incorporates a firearm frame or receiver, any firearm which is converted into a muzzle loading weapon, or any muzzle loading weapon which can be readily converted to fire fixed ammunition by replacing the barrel, bolt, breechblock, or any combination thereof.

18 U.S.C. § 921(a)(16).

On August 8, 2002, a Rule 11 hearing was held before the Honorable Anthony A. Alaimo, a District Court Judge in the Southern District of Georgia. Shawn Atkins, a Special Agent with the Bureau of Alcohol, Tobacco and Firearms (ATF), testified at the hearing that on December 20, 2001, Gordon was arrested for driving on a suspended license. (CR202-28, Dkt. No. 33, p. 8.) Agent Atkins further testified that in a search performed incident to his arrest, ammunition was found in Gordon's pocket and a loaded .22 rifle was found inside his vehicle. (Id.) Gordon pled guilty to the charge of "knowingly possess[ing] in and affecting commerce a firearm - - that is a Revelation model 1100, .22 caliber rifle - - without a serial number, and ammunition - - that is, Winchester .22 caliber bullets - - which had been all transported in interstate commerce." (Id. at p. 4.)

Assuming, without deciding, that Gordon has satisfied the first prong of the Strickland test, the performance prong, Gordon has not satisfied the second prong. Specifically, Gordon has failed to demonstrate that he was prejudiced by his counsel's alleged errors. Gordon has not provided *any* evidence to support a finding that his counsel's failure to raise the antique firearm exception impacted his decision to plead guilty

AO 72A
(Rev. 8/82)

and forego a trial. Moreover, the record reveals that even if Gordon had elected to go to trial and raise the antique firearm exception, he would not have been successful.

If Gordon had not pled guilty and proceeded to trial, he would have had the burden of presenting evidence sufficient to raise the antique exception as an issue. See United States v. Laroche, 723 F.2d 1541, 1543 (11th Cir. 1984) (holding that the antique firearm exception is an affirmative defense that must be raised by the defendant with enough evidence to shift the burden to the Government). Gordon contends that the firearm in his possession fell within the parameters of the antique firearm exception because the gun "was manufactured before serial number placement on the firearms began to resume under 1881[8] models." (Motion to Amend, p. 32 (citations omitted).) In support of his argument, Gordon has provided the Court with photocopies from the *Blue Book of Gun Values*, specifically pages relating to those firearms manufactured by the Marlin Firearms Company. (Motion to Amend, Ex. C.) The record is devoid of evidence that the gun in Gordon's possession was manufactured by the Marlin Firearms Company.[9] As such, the evidence does not suggest that the firearm in his possession was manufactured before 1898. Gordon has not shown that he could have met his burden of proof at trial.

Even if Gordon could establish that his counsel erred by failing to raise the antique firearm exception, Gordon's conviction under § 922(g) would still stand. Section 922(g) makes it unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or *ammunition*." 18 U.S.C.

---

[8]1898 is the critical year because, as noted above, one way of establishing that a firearm is an antique is by showing that it was manufactured before 1898. 18 U.S.C. § 921(a)(16)(A).

[9]A "property inventory" report prepared by Agent Atkins states that the manufacturer of the gun found in Gordon's possession is "unknown." (Dkt. No. 3, Ex. A.)

6

§ 922(g)(1) (emphasis added); United States v. Ballinger, 395 F.3d 1218, 1242 (11th Cir. 2005) (emphasis omitted and another emphasis added). As stated, in the search performed incident to Gordon's arrest, a firearm *and* "Winchester .22 caliber bullets" were found in Gordon's possession. (CR202-28, Dkt. No. 33, p. 4.) The ammunition found in Gordon's possession would support a conviction under § 922(g).

Gordon has not demonstrated that his counsel's failure to raise the antique firearm exception prejudiced his case. Thus, he has not shown ineffective assistance of counsel under Strickland. Gordon is not entitled to federal habeas relief on this claim.

## II. Additional Claims

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitation for the filing of section 2255 motions. Jones v. United States, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (per curiam). The one-year period shall run from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(1)-(4); Id. at 1038.

AO 72A
(Rev. 8/82)

Section 2255(1) applies to Gordon's motion. Gordon did not file an appeal; therefore, his sentence became final ten days after the trial court entered judgment in his case. Fed. R. App. P. 4(b)(1)(A)(I) (providing that a notice of appeal must be filed within 10 days after the later of either the judgment being entered or the order being appealed). Judgment was entered on October 4, 2002, and the judgment became final on October 14, 2002, ten days later. Gordon had until October 14, 2003, to file a § 2255 motion. He timely filed the instant § 2255 motion on October 2, 2003. On February 11, 2005, Gordon filed his motion to amend which contains claims not stated in his original motion. These new claims are untimely unless they "relate back" to his original claims for relief.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party can amend his pleading once "as a matter of course at any time before a responsive pleading is served," or "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a); <u>Farris v. United States</u>, 333 F. 3d 1211, 1215 (11th Cir. 2003). To avoid statute of limitations issues, Rule 15(c) of the Federal Rules of Civil Procedure permits an amendment to a pleading to "relate back" to the date the original pleading was filed when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c); <u>Davenport v. United States</u>, 217 F. 3d 1341, 1344 (11th Cir. 2000). Rule 15(c) should be applied narrowly, and an untimely claim must have more in common with the original claims than the mere fact that both claims arose from the same trial. <u>Farris</u>, 333 F. 3d at 1215.

8

Gordon contends that pursuant to the "relation back doctrine" and Rule 15 of the Federal Rules of Civil Procedure, the Court should allow him to include the following new claims:

A. Blakely v. Washington, --- U.S. ---, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), is a change in the law applicable to his case;

B. Ineffective assistance of counsel for failure to argue that the District Court lacked jurisdiction over his case because § 922(g)(1) is a vague, ambiguous, and overly broad statute;

C. Ineffective assistance of counsel for failure to object to the use of his prior convictions for the purposes of sentencing; and

D. Ineffective assistance of counsel for failure to object to the use of USSG §4B1.4 armed career criminal sentencing enhancement.

(Gov's Resp. to Motion to Amend.) These new claims, Gordon contends, arise out of the same conduct, transaction, and occurrence as the claims set out in his original motion. (Motion to Strike, p. 2.) In his "Motion To Strike," Gordon asserts that the Court should strike the Response to his motion to amend because it was not timely filed.[10] (Id. at p. 1.) Finally, Gordon concludes that the "invited error doctrine" precludes Respondent from objecting at this time. (Id. at p. 2.)

In his petition, Gordon alleged that his actions did not involve interstate commerce, the gun in his possession was not a "firearm," and his counsel acted ineffectively by failing

---

[10]It appears that Gordon is referring to a motion to amend filed by him on January 3, 2005. (Dkt. No. 16.) Because the case was before the Eleventh Circuit Court of Appeals at the time that motion was filed, the undersigned dismissed that motion to amend. (Dkt. No. 17.)

9

to raise these two issues. For the following reasons, Gordon's new claims do not "relate back" to these original claims.

### A. Gordon claims Blakely should be applied to his case.

Gordon contends that the Supreme Court's holding in Blakely is a change in law that should be applied to the Sentencing Guidelines and his case. Assuming, *arguendo*, that this claim relates back to his original claims, the Eleventh Circuit Court of Appeals has held that Blakely is not retroactively applicable to cases on collateral review. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Because this claim lacks merit, it is not necessary for the Court to determine if it relates back to Gordon's original claims.

### B. Gordon claims that his counsel acted ineffectively by failing to argue that the District Court lacked jurisdiction over his case because § 922(g)(1) is a vague, ambiguous, and overly broad statute.

Gordon avers that his counsel erred by failing to argue that the District Court lacked jurisdiction over the case because § 922(g)(1) is vague, ambiguous, and overly broad. Specifically, Gordon asserts that the jurisdictional requirements that the possession must be "in or affecting commerce" and that the defendant has had prior convictions "in any court of" are especially unclear. Because the two jurisdictional elements of the § 922(g)(1) are unconstitutionally vague, ambiguous, and overly broad, Gordon concludes that his case was not subject to federal jurisdiction. Gordon's claim that the statute upon which his conviction rests, § 922(g)(1), is unconstitutionally vague, ambiguous and overly broad is completely unrelated to his original claims. This new claim is too far removed from Gordon's original claims to relate back.

10

**C. Gordon claims that his counsel acted ineffectively by failing to object to the use of his prior convictions for the purposes of sentencing.**

Gordon asserts that his counsel's representation fell below an objective standard of reasonableness when his counsel failed to object to the use of his prior convictions during sentencing. This new claim arises from the sentencing hearing, whereas the claims presented in Gordon's petition are more appropriately addressed prior to a conviction. This new claim is too far removed from Gordon's original claims to relate back. See Pruitt, 274 F.3d at 1319 (finding that the claims did not relate back because the original claims addressed sentencing errors and the new claims addressed trial errors).

**D. Gordon claims that his counsel acted ineffectively by failing to object to the use of USSG §4B1.4 armed career criminal sentencing enhancement.**

Gordon contends that his conviction was erroneously enhanced with USSG §4B1.4. This new claim arises from the sentencing hearing, whereas the claims presented in Gordon's petition are more appropriately addressed prior to a conviction. This new claim is too far removed from Gordon's original claims to relate back. See Id. (finding that the claims did not relate back because the original claims addressed sentencing errors and the new claims addressed trial errors).

Gordon has not shown that his counsel's performance prejudicially impacted the outcome of his case. Thus, Gordon has not shown that he received ineffective assistance of counsel. Gordon is not entitled to habeas relief.

11

## CONCLUSION

Based on the foregoing, as well as those findings set forth in the March 24, 2004, Report (Dkt. No. 5), it is my **RECOMMENDATION** that Gordon's motion (Dkt. No. 1), filed pursuant to 28 U.S.C.A. § 2255, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of June, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

GORDON _____ )

vs _____ ) CASE NUMBER CV203-150

USA _____ ) DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 6/20/05 _____, which is part of the official record of this case.

Date of Mailing: 6/20/05

Date of Certificate ☒ same date, or _____

Scott L. Poff, Clerk

By: _____ /s/ Sherry Taylor
Sherry Taylor, Deputy Clerk

**Name and Address**

Amy Lee Copeland
Leslie Gordon, 11147-021, FCI Jesup, 2600 Highway 301 S, Jesup, GA 31599

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate